601 A.2d 349

**Barbara M. SCHWARTZ, Appellant,**

v.

**William G. SCHWARTZ, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1991.

Filed Jan. 21, 1992.

Janet S. Holcombe, Philadelphia, for appellant.

Marvin L. Wilenzik, Norristown, for appellee.

Before WIEAND, JOHNSON and HOFFMAN, JJ.

WIEAND, Judge:

In this divorce action, the trial court entered an interim order, as permitted by 23 Pa.C.S. § 3323(f), directing the wife to deliver to the husband certain funds belonging to husband but which were being held in escrow by wife's attorney. Wife appealed.

 Because the issue of appealability goes to the jurisdiction of this Court to reach the merits, we must first consider appellee's contention that the trial court's order is interlocutory and not immediately appealable.[1] See: *Vendetti v. Schuster*, 418 Pa. 68, 73, 208 A.2d 864, 867 (1965); *Lower Lake Dock Co. v. Messinger Bearing Corp.*, 395 Pa.Super. 456, 459, 577 A.2d 631, 633 (1990); *Joseph Palermo Dev. Corp. v. Bowers*, 388 Pa.Super. 49, 51, 564 A.2d 996, 997 (1989).

Matrimonial courts have been given full equity power and jurisdiction by 23 Pa.C.S. § 3323(f), which provides as follows:

(f) **Equity power and jurisdiction of the court.**—In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders

---

1. A pre-argument motion to quash this appeal was denied without prejudice to appellee's right to renew the motion before the panel hearing argument.

which are necessary to protect the interests of the parties or to effectuate the purposes of this part and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.

In the instant case, the trial court found that certain post-separation investments made with funds borrowed by husband from his father had resulted in tax refunds to husband. The refund checks, however, had been issued in the names of husband and wife. Wife, despite a promise to endorse the checks and return them to husband, delivered them to her attorney who refused to surrender them. Instead, they were deposited in an account maintained by the attorney. On husband's petition and after a full hearing, the trial court, in which the parties' divorce action was pending,[2] found that husband was entitled to the funds and directed that they be delivered to him.

It is clear that an appeal will lie only from a final order unless an appeal is otherwise permitted by statute or rule of court. See: *Adoption of G.M.*, 484 Pa. 24, 27, 398 A.2d 642, 643 (1979); *Blackman v. Katz*, 390 Pa.Super. 257, 261, 568 A.2d 642, 644 (1990); *Katz v. Katz*, 356 Pa.Super. 461, 465, 514 A.2d 1374, 1376 (1986), *allocatur denied*, 515 Pa. 581, 527 A.2d 542 (1987). A final order is one which ends the litigation or, alternatively, disposes of the entire case. *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 337, 372 A.2d 721, 724 (1977). The order in the instant case does not end the litigation or dispose of the entire case. The divorce action remains unfinished because there has been no final distribution of marital property.

The order is also not appealable under the exception to the general rule created by the United States Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and adopted by the Supreme Court of Pennsylvania in *Bell v. Beneficial*

---

**2.** A bifurcated decree in divorce had been entered on November 22, 1989, but the distribution of marital property was deferred.

*Consumer Discount Co.,* 465 Pa. 225, 228, 348 A.2d 734, 735 (1975), "for situations where postponement of [the] appeal until after final judgment might result in irreparable loss of the right asserted." *Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978). In *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985), the Supreme Court held that an interim order awarding counsel fees and expenses was not appealable under the *Cohen* exception because any right claimed with respect thereto was not irreparably lost but could be compensated through the final order of distribution. The Court reasoned:

> "... the new provisions of the Divorce Code authorizing equitable distribution of marital property and permanent alimony have taken away any reason to fear that funds once paid out pursuant to an interim award are unrecoverable." *Sutliff* [*v. Sutliff*], *supra,* 326 Pa.Super. [496] at 504, 474 A.2d [599] at 603 (Beck, J., dissenting). In the event that an initial award of interim relief is granted in error, the court has the power to make adjustments in the final settlement via the equitable division of marital property, permanent alimony, and/or the final award of attorney's fees and costs. Thus, under the new Code the conclusion that a grant of interim financial relief may result in the irreparable loss of a claimed right cannot be supported. We hold, therefore, that such an order is interlocutory and thus not reviewable until final disposition of the case.

*Id.,* 509 Pa. at 96–97, 501 A.2d at 215. Its decision, the Court said,

> reflects the policy of law which abhors "piecemeal determinations and the consequent protraction of litigation." *Sullivan v. Philadelphia,* 378 Pa. 648, 649, 107 A.2d 854, 855 (1954). *See also Marino Estate,* 440 Pa. 492, 494, 269 A.2d 645, 646 (1969). The avoidance of unduly protracted divorce proceedings is consistent with the legislature's intent to mitigate harm to the spouses and their children during this emotionally taxing experience. 23 P.S. § 102(4) (Supp.1985). Under the present procedure an appeal of an interim order stays the entire action and

results in unnecessary delay in the dissolution of divorce actions.... Moreover, a policy which allows piecemeal appeals from a single case serves only to increase the cost of litigation, and favors the party with the greater resources, who can strategically delay the action at the expense of the indigent party.

*Id.,* 509 Pa. at 97, 501 A.2d at 215. Strong policy considerations, the Court concluded, required that the interim order be deemed interlocutory and not immediately appealable. *Id.,* 501 A.2d at 215.

The amount of money being held by wife's attorney is $28,248.32, plus accrued interest. Husband is a partner in a prestigious Philadelphia law firm. Wife's inventory suggests that the value of the marital property far exceeds the amount involved in the preliminary skirmish which fostered the instant appeal. It seems eminently clear, therefore, that wife's claim of trial court error will not be irreparably lost if the court's interlocutory order is not reviewed immediately. Under these circumstances, we hold that the trial court's interlocutory order is not reviewable until there has been a final disposition of the action.

Appeal quashed.