## Brown v. Porchea

*Joan Esmond, assistant district attorney,* for plaintiff.
*Margaret Boyce,* for defendant.

WATKINS, *J.*, March 1, 1996—The instant action involves child support proceedings instituted on behalf of the minor child, Shameia Porchea, against her father, George Porchea. The defendant, George Porchea, takes an appeal from a non-distribution order entered by the court in conjunction with the support action.

As a starting point, the court finds it necessary to review the procedural history of the case, applicable statutory law, rules of appellate procedure and case law to determine whether the appeal from the interlocutory order should be quashed.

Support proceedings commenced when a complaint in support was filed against the defendant on July 13, 1990. The court record next reflects that the defendant failed to abide by an order requiring his presence at a pretrial conference before a family court hearing officer on October 1, 1990. As a result of his failure to appear, a bench warrant was issued for his arrest by the Honorable Ida Chen on October 2, 1990.

At some point thereafter, the defendant was arrested and incarcerated on criminal charges. During his incarceration, a second complaint in support was filed on April 6, 1992.

Most recently, the defendant was released from prison due to the 39th Police District investigation in Philadelphia. Following his release, he filed a civil lawsuit for monetary damages emanating from his incarceration.

After becoming aware of the defendant's lawsuit against the City of Philadelphia, the Commonwealth brought a motion for non-distribution on behalf of the minor child, Shameia Porchea, and the matter came to hearing before the Honorable Thomas D. Watkins.

Finding that the support action was more than five years old, and that a support hearing was scheduled before a permanent master on May 7, 1996, this court entered an order prohibiting defendant's counsel, Margaret Boyce, Esq., from distributing to the defendant any proceeds received from certain enumerated types of legal proceedings that either were brought or which might be instituted on his behalf. The order further provided that said monies were to be applied towards payments on the defendant's child support account. (See attached.)

The appeal taken by the defendant is clearly not from a legally final order. "A final order is one which ends the litigation or, alternatively, disposes of the entire case." *Schwartz v. Schwartz,* 411 Pa. Super. 282, 284, 601 A.2d 349, 351 (1992). In the instant matter, no hearings have been held as yet on support. The defendant is awaiting a hearing before a permanent master in support in May. No final order has been entered concerning support, and the defendant will be entitled to seek redress in future proceedings on the issue.

Given that the order entered by this court is clearly interlocutory, the next issue to be addressed is whether the defendant has a right, in law, to take an appeal from said order. In general, it is well settled in this Commonwealth that there is no right of appeal from temporary orders of support. *Sanders v. Sanders,* 384 Pa. Super. 311, 315, 558 A.2d 556, 558 (1989), *alloc. denied,* 525 Pa. 635, 578 A.2d 930 (1990); *West v. West,* 301 Pa. Super. 75, 76, 446 A.2d 1342, 1343 (1982).

The issue at bar is more complicated, however, since although the order in question is entered in the context of an action in support, it can be characterized as being both injunctive and as an order of attachment. The part

of the order precluding the defendant's attorney from distributing any potential proceeds recovered on behalf of her client is essentially injunctive. To the extent that the order requires that proceeds be applied to support obligations, it may be construed as an order of attachment.

Pa.R.A.P. 311, which governs what interlocutory appeals may be filed of right, includes specific provisions pertaining to injunctive orders and orders of attachment. While, as a general rule, there is an automatic right of appeal from injunctive orders and orders of attachment as provided in Pa.R.A.P. 311(a)(2), (4), an exception is drawn when such orders are issued pursuant to sections 401(c) and 403(a) of the Divorce Code of 1990. These statutory provisions have been recodified and incorporated under the new Domestic Relations Code at 23 Pa.C.S. §3323(f) and 23 Pa.C.S. §3505(a).

In evaluating the scope of these provisions for purposes of determining whether the instant action falls within its parameter, the court notes that although the instant action is limited to child support alone, the new Domestic Relations Code utilizes broad language which would seem to encompass such actions regardless of whether or not they are brought incidental to a divorce action. This is apparent from the wording employed in the applicable statutes.

Conferring upon the court expansive power to enter injunctive orders and other equitable relief in all matrimonial causes, which would presumably include support actions, 23 Pa.C.S. §3323(f) provides:

*"Equity power and jurisdiction of the court*—In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this part

and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause."

In expressly granting the court the ability to enter orders of attachment and injunctive orders for purposes of safeguarding child support rights, the legislature further provides in 23 Pa.C.S. §3505(a):

*"Preliminary relief*—Where it appears to the court that a party is about to leave the jurisdiction of the court or is about to remove the property of that party from the jurisdiction of the court or is about to dispose of, alienate or encumber property in order to defeat equitable distribution, alimony pendente lite, alimony, child and spousal support or a similar award, an injunction may issue to prevent the removal or disposition and the property may be attached as prescribed by general rules. The court may also issue a writ of ne exeat to preclude the removal."

*Sanders, supra,* lends support to the court's finding that the exceptions under the Divorce Code for injunctive orders and attachment orders applies when a support action is instituted by itself independent from a divorce complaint. Reviewing the specific facts underlying the holding by the Superior Court in *Sanders* quashing the appeal as it applied to support, the opinion recites only that a complaint for support was filed and does not at all refer to any related divorce proceedings.

While the court finds that the defendant, George Porchea, has improperly filed an interlocutory appeal, it will nevertheless address the rationale for issuing the order, which is quite compelling under the circumstances.

For reasons entirely outside of the control of the plaintiff and best known to the defendant, he has failed to appear at child support proceedings for nearly five years. As discussed above, the defendant has circumvented such obligation by willfully failing to appear at prior hearings and because he was in jail. Given the extensive time period since the initial filing of the complaint in support, it is indeed probable that the defendant will be found to owe substantial arrearages after a hearing is finally held by the permanent master.

Since the defendant may be entitled to receive substantial monies in legal proceedings and otherwise, it only follows that it is eminently appropriate to preclude him from dissipating such assets. This is accomplished by entering a non-distribution order.

At this juncture, one can only speculate as to whether or when the defendant will actually receive an award. Similarly, it is presently impossible to determine what the defendant will ultimately be deemed to owe in support. The matter will be brought back before the court, if need be, for resolution. In the meantime, the order safeguards the rights of the minor child, while not harming the defendant in any way. Given the unusual circumstances of this case, the order is therefore entirely warranted.

---

## APPENDIX

## ADMINISTRATIVE ORDER

Now, to wit, December 5, 1995, it is hereby ordered and decreed that the below named:
Margaret M. Boyce, Esq.
Suite 1720
1600 Market Street
Philadelphia, PA 19103

Shall not distribute all or any portion of any proceeds which may result from any personal injury action, property damage action, claim against an undistributed decedent's estate, worker's compensation claim, or any other legal matters in which Margaret M. Boyce, Esq. either represents the respondent or may be liable for payment to the respondent or to any representative of the respondent.

Margaret M. Boyce, Esq. shall provide the district attorney's office with any information concerning the claim, at the following address:
District Attorney's Office—Child Support Unit
46 S. 11th St., Suite 300
Philadelphia, PA 19107

Any such proceeds shall be applied as payment towards the respondent's child support account. The exact amount of the aforementioned payment shall be determined by the court subsequent to the court's receipt of notice from Margaret M. Boyce, Esq. that said proceeds are available for distribution.

This order shall be binding upon the respondent and Margaret M. Boyce, Esq. and shall not be revoked except by further order of the court.
By (Hearing Officer):
Conversion Worker I

By The Court,
/s/Thomas D. Watkins, J.

EN008