681 A.2d 775

**Kenneth M. MILLER, Appellant,**

**v.**

**Jennifer L. STEINBACH, Appellee.**

Superior Court of Pennsylvania.

Argued May 1, 1996.

Filed July 17, 1996.

Leonard A. Grence, Butler, for appellant.

J. Stevenson Suess, Butler, for appellee.

Before POPOVICH, EAKIN and HESTER, JJ.

POPOVICH, Judge:

This case involves an appeal from the September 27, 1995 order of the Court of Common Pleas of Butler County denying appellant's request to reconsider an order entered in the Court of Common Pleas of Centre County, whereby he was ordered to pay the full cost of his psychological evaluation and half the cost of his daughter's psychological evaluation needed for a determination regarding partial custody. We find that the order in question is interlocutory, and, accordingly, we quash this appeal.

The record reflects the occurrence of the following events: Appellant filed a complaint seeking partial custody and visitation rights to his minor child. In the complaint, he alleged that he was the natural father of the minor child born out of wed-lock to Jennifer L. Steinbach. The child and Ms. Steinbach reside with her present husband, Dean Steinbach.

To resolve appellant's claims regarding custody, the Court of Common Pleas of Centre County held a hearing on July 6, 1994. Prior to the hearing, Ms. Steinbach filed a petition for psychological evaluations. Pursuant to Pa.R.C.P. 1915.8, the court approved this petition and ordered appellant to pay for the full cost of his psychological evaluation and half the cost of his daughter's psychological evaluation.[1] The court then awarded appellant visitation rights for his daughter, and indi-

---

1. Jennifer L. Steinbach, the child's mother and the appellee in this matter, was ordered to pay the full cost of her psychological evaluation, the full cost of her husband's psychological evaluation and half the cost of her daughter's psychological evaluation.

cated that it would not make a determination regarding partial custody until the psychological evaluations were received and a full hearing was held.

On September 27, 1995, appellant filed in the Court of Common Pleas of Butler County a petition for special relief/reconsideration of the Court of Common Pleas of Centre County's order requiring him to pay for the psychological evaluations. After speaking on the telephone with the Judge from Centre County, the Judge from Butler County denied appellant's petition. This appeal followed and appellant was granted the right to proceed *in forma pauperis.*

Intertwined with appellant's request that we review the court's order requiring him to pay for the psychological evaluations is the appealability of the order in question. We must consider appellee's contention that the lower court's order is interlocutory and not immediately appealable.

■■■■■■ "It is clear that an appeal will lie only from a final order unless an appeal is otherwise permitted by statute or rule of court." *Schwartz v. Schwartz,* 411 Pa.Super. 282, 601 A.2d 349, 351 (1992) (citations omitted). "An order is generally not a final order unless it serves to put the litigant out-of-court either by ending the litigation or disposing of the case entirely." *Grove North America v. Arrow Lift,* 421 Pa.Super. 12, 617 A.2d 369, 372 (1992) (citations omitted). The order in this case requiring appellant to pay for the psychological evaluations does not end the litigation or dispose of the entire case. The partial custody action remains unfinished because the lower court has not made a determination regarding custody, that is, appellant has neither been granted nor denied partial custody of his minor child. Rather, the order in question merely directed appellant to submit to and pay for psychological evaluations pursuant to Pa.R.C.P. 1915.8(a) and (e).

Under Rule 1915.8, a court may order the child or a party to submit to an evaluation by an appropriate expert and the court may assess the cost of the examination to any or all of

the parties. The Comment to Rule 1915.8 indicates the following:

> In order to make a proper determination in a child custody case, the court often requires information which can only be supplied by an expert evaluation of the parties and the subject child. The rule also provides a range of sanctions which the court may impose for failure to comply with an order directing evaluations, and provides that a petition for contempt for failure to comply with an order entered upon this rule is to be treated in an expedited fashion.

Here, appellant's appeal is premature. At this point, he has not disobeyed the lower court's order directing him to pay for the psychological evaluations, he has not been sanctioned in any manner by the lower court, and, more importantly, he has not been denied partial custody of his daughter. The lower court's order does not effectively put him out of court. *See Grove North America, supra.* Accordingly, the order is interlocutory and not a final order.

Under Pennsylvania law, an appeal may be taken from an interlocutory order as of right (Pa.R.A.P.311), by permission (Pa.R.A.P. 313, 1301 *et seq.*), or from a collateral order (Pa. R.A.P.313). After a careful examination of Pa.R.A.P. 311, we conclude that appellant's appeal of the interlocutory order may not be taken as of right.[2] We further conclude that appellant's appeal may not be taken by permission.

"[A]n interlocutory appeal may be taken by permission pursuant to Chapter 13 of the Rules of Appellate Procedure." *Patton v. Hanover Insurance Co.,* 417 Pa.Super. 351, 612 A.2d 517, 518 (1992). *See* Pa.R.A.P. 312; Pa.R.A.P. 1301 *et seq.* Here, appellant has failed to invoke the procedure outlined in Chapter 13. Consequently, the order is not appealable by permission under the provisions of Chapter 13.

---

**2.** Rule 311 lists the interlocutory orders to which a right of appeal attaches. The right to appeal from an order directing a party to pay for psychological evaluations in the context of a custody action is not among those orders listed in Rule 311. Accordingly, appellant may not appeal as of right from the order at issue.

■ We further find that appellant's appeal does not meet the requirements for the collateral order doctrine. *See* Pa. R.A.P. 313. Under *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), an order which is separable from and collateral to a cause of action may become appealable under certain circumstances. Under *Cohen*, an order is considered "final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." *Plowman v. Plowman*, 409 Pa.Super. 143, 597 A.2d 701, 704 (1991) (citation omitted).

Under this test, we find that the order issued by the lower court was not appealable. While appellant's right is extremely important and deserves consideration, we do not find that the order was separable and collateral to the main cause of action. Appellant filed a petition for partial custody of his child. The court ordered that he undergo and pay for psychological evaluations before the court would resolve the custody issue. In effect, the issue concerning the psychological evaluations is intertwined with the issue of whether appellant should be granted partial custody of his minor child.

In addition, we find that the question presented in appellant's appeal is not such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. Appellant's argument that he was denied due process by the lower court's order that he pay for the psychological evaluations can be presented on appeal once the lower court has issued a final order on the matter. Under these circumstances, we hold that the lower court's interlocutory order is not reviewable until there has been a final disposition of the action. *See Schwartz, supra*

Appeal quashed.