Stephanie MENSCH, Appellee,

v.

Terry MENSCH, Appellant.

Superior Court of Pennsylvania.

Filed June 22, 1998.

Gregory S. Skibitsky, Pittston, for appellant.

Rebecca L. Warren, Bloomsburg, for appellee.

---

Before DEL SOLE, MUSMANNO and ORIE MELVIN, JJ.

OPINION PER CURIAM:

The parties in this action were married in Bloomsburg, Pennsylvania, and have two children. Following separation and Appellee's initiation of a complaint in divorce, the parties executed a marital settlement agreement. The consent custody provisions of the agreement were adopted and approved by the Court of Common Pleas of Columbia County. Thereafter, on June 25, 1997, Appellant filed a petition for special relief, challenging the validity of the settlement agreement, based upon his claimed mental incapacity to contract. Following a hearing, the lower court denied and dismissed the petition. The judge directed the prothonotary to notify the parties' attorneys of the adjudication and pursuant to Pa.R.C.P. 1517 and Pa.R.C.P. 227.1 to enter the decree as a final order if no post-trial motions were filed within ten days of the adjudication. Upon praecipe of Appellee's counsel, and pursuant to Pa.R.C.P. 227.4, the decree nisi was entered as a final decree on December 5, 1997. Appellant filed this timely appeal.

Presented for our consideration is Appellee's motion to quash the appeal predicated upon Appellant's failure to file post-trial motions. Appellee contends that Appellant's right to appeal has been waived, in that no appealable issues were preserved, resulting from Appellant's noncompliance with Pa. R.C.P. 227.1. Thus, she argues, pursuant to Pa.R.A.P. 302 and Pa.R.A.P.1972(5), quashal should obtain.

■ Because post-trial motions are precluded in cases governing domestic relations matters, other than those following a paternity trial, we do not agree that Appellant's issues are waived. Specifically, Pa.R.C.P. 1920.52(a)(2) bars post-trial relief in claims involving the enforcement of marital agreements. This bar is further enunciated by Rule 1930.2(a): "There shall be no motions for post-trial relief in any domestic relations matter except that where a paternity matter is tried by jury, post-trial practice shall be permitted in accordance with Rule of Civil Procedure 227.1." The trial court's identifi-

cation of its ruling on Appellant's petition as a decree nisi requiring post-trial motions was in error. Where the relief sought is in the context of a divorce case, Rule 1920.52 and 1930.2 apply. However, our query does not there end.

Notwithstanding the removal of the post-trial motions bar, this court must examine the appealability of this matter because such a question goes to this court's jurisdiction and may be properly raised by the court *sua sponte*. *See Leister v. Leister*, 453 Pa.Super. 576, 684 A.2d 192, 193 (1996), quoting *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985). It has been consistently held that where a decree in divorce has not been entered and ancillary claims remain unresolved, issues such as those seeking special relief, are interlocutory and unappealable. *See, e.g., Fried v. Fried, supra, Miller v. Steinbach*, 452 Pa.Super. 194, 681 A.2d 775 (1996); *Schwartz v. Schwartz*, 411 Pa.Super. 282, 601 A.2d 349 (1992); *Beasley v. Beasley*, 348 Pa.Super. 124, 501 A.2d 679 (1985) (appeal will only lie from final order unless appeal is otherwise permitted by statute or rule of court); *Fenstamaker v. Fenstamaker*, 337 Pa.Super. 410, 487 A.2d 11 (1985); (trial court order refusing recusal is interlocutory); *Campbell v. Campbell*, 357 Pa.Super. 483, 516 A.2d 363 (1986) (the entry of a divorce decree is a prerequisite to an order for alimony or equitable distribution of property, citing *Dech v. Dech*, 342 Pa.Super. 17, 492 A.2d 41 (1985)); *Noto v. Noto*, 293 Pa.Super. 161, 437 A.2d 1255 (1981) (a final order is one which ends litigation or disposes of the case); and *Wall v. Wall*, 517 Pa. 29, 534 A.2d 465 (1987) (a determination, pursuant to § 206 of the Divorce Code, now 23 Pa.C.S. § 3306, that a marriage exists is not a final and appealable order when rendered as part of an action in divorce).

■ The denial of appellant's petition to invalidate the parties' marital settlement agreement does not end the litigation. No decree of divorce has been entered. Thus, pursuant to Pa.R.A.P. 341(b)(1), there is no final order, which is a prerequisite to the taking of an appeal. As this order does not so qualify (a final order is one that disposes

of all claims and of all parties), the appeal is interlocutory.

Therefore, this appeal having been filed from the entry of an interlocutory, unappealable order, it is hereby quashed.