J-A22018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| N.G. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| C.G. | : | |
| | : | |
| | : | No. 1941 MDA 2015 |

Appeal from the Order Entered October 9, 2015
In the Court of Common Pleas of Dauphin County
Civil Division at No(s):  2011-CV-04775-CU

BEFORE:  GANTMAN, P.J., PANELLA, J. and JENKINS, J.

MEMORANDUM BY PANELLA, J.             **FILED SEPTEMBER 22, 2016**

N.G. (Father) appeals *pro se* from the order entered October 9, 2015, in the Court of Common Pleas of Dauphin County, which ordered him to submit to a psychological evaluation in preparation for a child custody trial. After careful review, we quash the appeal.

The trial court summarized the extensive factual and procedural history of this matter as follows.

> The parties [Father] and C.G. ([M]other) were formerly married and are the parents of one daughter, E.G. [(Child)] (DOB 9/2010). They separated on April 30, 2011, following an incident of domestic abuse committed by Father. . . .

\*\*\*

On April 10, 2015, [F]ather filed a petition for contempt and modification of the custody order.[1] He sought to hold [M]other in contempt for not providing contact information for the daycare/babysitter chosen by [M]other as of August 2014, not initiating phone calls to him over a forty-day period while he was in India, refusing to make the child available to attend his wedding in India, not telling [F]ather the child was enrolled in dance class or inviting him to a class performance, and refusing to make the child available for his previously scheduled weeklong vacation from April 25 through May 1, 2015. He [also] sought to modify custody to alternating weeks or a 4-3-3-4 schedule. While that petition was pending [F]ather filed, on April 16, 2015, an emergency petition for special relief raising issues of his vacation time not being honored, and other *de minimis* issues about the child's dental care and daycare. On April 17, 2015, the late Hon. Bernard Coates denied his petition because it raised no emergency claims. Undeterred, [F]ather filed another emergency petition for special relief [on] April 27, 2015, which Judge Coates denied April 28, 2015, due to lack of any emergency and directed the matter be scheduled through our normal custody conciliation procedure[.] . . .

On July 28, 2015, [F]ather filed three more petitions/applications that were assigned to [the trial court]: (1) a petition for contempt and modification seeking to hold [M]other in contempt for failing to exchange custody on July 18, allegedly preventing him from having the child for a previously scheduled week-long vacation and again seeking to change the physical custody schedule to alternating weeks or a 4-3-3-4 schedule; (2) an emergency petition for special relief seeking that the child spend rescheduled vacation time with him; and (3) an application for emergency relief seeking that the child be enrolled in private Kindergarten.

---

[1] Father requested modification of the order entered November 17, 2011, as previously modified by orders entered April 30, 2013, and November 25, 2014. These orders awarded Mother primary physical custody of Child and awarded Father partial physical custody of Child. In addition, the orders awarded Mother sole legal custody with respect to all decisions regarding Child's education and daycare, and awarded the parties shared legal custody with respect to all other decisions.

Father's petition for contempt and modification was scheduled for conciliation [on] August 5, 2015, to be heard along with [F]ather's April 10, 2015 petition for contempt and modification. Concerning the emergency petition for special relief (vacation time), following a telephone conference, [the trial court] issued an order [on] July 29, 2015, granting [F]ather's request for rescheduled vacation time with the child from August 1-8, 2015. . . .

Conciliation failed to resolve the issues raised by [F]ather in his April 10 and July 28, 2015 contempt and modification petitions, and thus, [the trial court] scheduled a hearing on October 8, 2015. Before that hearing could be held, [F]ather filed a third contempt petition September 8, 2015, claiming [M]other had willfully violated Paragraph 10 of the initial custody order by not asking [F]ather if he wanted to take care of the child when her school is closed. As noted above, Paragraph 10, concerning custody arrangements when the daycare is closed / babysitter contact information, was stricken in its entirety from the custody order by [the Honorable Scott] Evans [on] November 25, 2014.

***

On October 8, 2015, [the trial court] held a hearing limited to the various contempt allegations filed by [F]ather. . . .

Trial Court Opinion, 1/8/2016, at 1-6 (footnote omitted).

Following the hearing, on October 9, 2015, the trial court entered the order complained of on appeal, in which it directed Father to submit to a psychological evaluation pursuant to Pa.R.C.P. 1915.8(a).[2] Father filed a

---

[2] Rule 1915.8(a) provides as follows, in relevant part.

(a) The court may order the child(ren) and/or any party to submit to and fully participate in an evaluation by an appropriate expert or experts. The order, which shall be substantially in the

*(Footnote Continued Next Page)*

petition for reconsideration of the court's order on October 29, 2015, which the trial court denied. Father timely appealed.[3]

Father now raises the following issues for our review.

1. Did the court abuse its discretion by ordering a psychological evaluation on Father on October 9, 2015, even though the other parent did not request it, based on a phone call Appellant made to Derry Township Police in August 2014 to request their assistance with the Goddard School and a phone call Appellant made to Dauphin County Children & Youth in May 2015 expressing concern about his daughter's well-being while she was with her mother ignoring the fact that Father has been exercising non-supervised custody since May 2011?

2. Did the court abuse its discretion by ordering a psychological evaluation on Appellant on October 9, 2015 even though an appeal from an Order had been taken and was pending before the Supreme Court of Pennsylvania and this was done during a contempt hearing to address Mother's contempt of custody order with no prior notice to Father?

Father's brief at 6 (suggested answers omitted).

*(Footnote Continued)* ─────────────────

form set forth in Rule 1915.18, may be made upon the court's own motion, upon the motion of a party with reasonable notice to the person to be examined, or by agreement of the parties. The order shall specify the place, manner, conditions and scope of the examination and the person or persons by whom it shall be made and to whom distributed. . . .

[3] Father violated Pa.R.A.P. 1925(a)(2)(i) by failing to file a concise statement of errors complained of on appeal at the same time as his notice of appeal. However, both this Court and the trial court entered orders directing Father to file a concise statement. Father timely complied with both orders by filing a concise statement on November 30, 2015. We have accepted Father's concise statement pursuant to *In re K.T.E.L.*, 983 A.2d 745, 748 (Pa. Super. 2009) (holding that an appellant's failure to comply strictly with Pa.R.A.P. 1925(a)(2)(i) did not warrant waiver of her claims, as there was no prejudice to any party).

Before reaching the merits of Father's issues, we first must consider whether the October 9, 2015 order was appealable. "'[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order.'" ***Gunn v. Automobile Ins. Co. of Hartford, Connecticut***, 971 A.2d 505, 508 (Pa. Super. 2009) (quoting ***Kulp v. Hrivnak***, 765 A.2d 796, 798 (Pa. Super. 2000)).

"An appeal lies only from a final order, unless permitted by rule or statute." ***Stewart v. Foxworth***, 65 A.3d 468, 471 (Pa. Super. 2013). Generally, a final order is one that disposes of all claims and all parties. ***See*** Pa.R.A.P. 341(b). "[A] custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." ***G.B. v. M.M.B.***, 670 A.2d 714, 720 (Pa. Super. 1996) (footnote omitted).

Here, our review of the record confirms that the October 9, 2015 order directing Father to submit to a psychological evaluation is not a final order. At the conclusion of the October 8, 2015 contempt hearing, the trial court stated *unequivocally* that it had not yet resolved the parties' custody dispute, and that a full custody trial would be necessary. ***See*** N.T., Hearing, 10/8/2015, at 66 ("It looks like we are not going to have time for our pretrial conference and clearly we are not going to settle the case and we are going to have to schedule it for trial."). Following the hearing, the court

entered an order finding that Mother was "technically in contempt" of the parties' prior custody orders, but that Mother's contempt was minor, and did not warrant the imposition of sanctions. Neither the court's contempt order, nor the order complained of on appeal, did anything to modify the parties' custody arrangement. Further, the court's contempt order provided that, "[t]he custody trial scheduled in the above-captioned matter will be continued based upon the necessity for psychological evaluations, gathering of other information, and perhaps preparation of seven days of prior testimony before another judge." Order, 10/8/2015. Thus, it is clear that the court did not enter the October 9, 2015 order after completing its hearings on the merits, and that the court did not intend the order to constitute a complete resolution of the custody claims pending between the parties.

Additionally, we observe that the October 9, 2015 order is not appealable pursuant to the collateral order doctrine. **See** Pa.R.A.P. 313(a). "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

We find that this matter is controlled by **Miller v. Steinbach**, 681 A.2d 775 (Pa. Super. 1996). There, the appellant father attempted to appeal from an order directing him "to submit to and pay for psychological evaluations" pursuant to Pa.R.C.P. 1915.8. **Id**. at 777. The appellant father

argued that the trial court in that case violated his right to due process by requiring him to pay for the evaluations. ***See id***. at 778.

A panel of this Court quashed Father's appeal. The Court concluded the order was not final, and failed to meet the requirements of the collateral order doctrine. ***See id***. at 777. The Court reasoned as follows.

> Under this test, we find that the order issued by the lower court was not appealable. While appellant's right is extremely important and deserves consideration, we do not find that the order was separable and collateral to the main cause of action. Appellant filed a petition for partial custody of his child. The court ordered that he undergo and pay for psychological evaluations before the court would resolve the custody issue. In effect, the issue concerning the psychological evaluations is intertwined with the issue of whether appellant should be granted partial custody of his minor child.
>
> In addition, we find that the question presented in appellant's appeal is not such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. Appellant's argument that he was denied due process by the lower court's order that he pay for the psychological evaluations can be presented on appeal once the lower court has issued a final order on the matter. . . .

***Id***. at 778.

Here, the record reveals that Father's mental health is very much in question, and that a psychological evaluation will be critical to the trial court's assessment of what custody arrangement will be in Child's best interest.[4] Thus, pursuant to ***Miller***, the October 9, 2015 order is not

---

[4] For example, Mother testified at length during the October 8, 2015 contempt hearing that Father engages in confrontational and accusatory
*(Footnote Continued Next Page)*

separable from, and collateral to, the main cause of action is this case, and therefore fails to meet the requirements of the collateral order doctrine.[5] *See Price v. Simakas Co., Inc.*, 133 A.3d 751, 755 (Pa. Super. 2016) ("[E]ach prong of the collateral order doctrine must be clearly present before an order may be considered collateral.") (internal quotation marks omitted).

Accordingly, the subject custody order is not a final order, nor is it appealable as a collateral order.[6] We are without jurisdiction to address Father's claims, and the appeal must be quashed.

---
*(Footnote Continued)* ————————

behavior, which has caused several childcare providers to refuse to care for Child. *See* N.T., Hearing, 10/8/2015, at 61-63.

[5] We acknowledge that a panel of this Court held in *In the Matter of T.R.*, 665 A.2d 1260, 1263 (Pa. Super. 1995), *reversed on other grounds*, 731 A.2d 1276 (Pa. 1999), that an order requiring a psychological evaluation was appealable pursuant to the collateral order doctrine. However, *T.R.* was a dependency matter and did not involve an order for a psychological evaluation pursuant Pa.R.C.P. 1915.8(a). Because *T.R.* can be distinguished from this case, and because the facts of *Miller* are far more similar, we conclude that we are bound by *Miller*.

[6] We observe also that the order is not an interlocutory order appealable as of right, pursuant to Pa.R.A.P. 311, and that Father did not attempt to bring this appeal before this Court as an interlocutory appeal by permission pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S.A. § 702.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/22/2016