J-A22007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.E.C. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| C.C.C. | |
| Appellant | No. 435 MDA 2016 |

Appeal from the Order Entered February 19, 2016
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): Cl-12-15695

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 06, 2016**

C.C.C. ("Father") appeals *pro se* from an order in this child custody proceeding directing him to undergo a psychological evaluation to determine whether he poses a risk of harm to the parties' children.  The ultimate determination of custody remains pending.  For the reasons articulated below, we quash this appeal.

J.E.C. ("Mother") and Father married in 2004 but later divorced.  The parties have two minor children.  On October 17, 2012, Mother filed a custody complaint against Father.  On May 6, 2013, the court ordered the parties to share legal custody but gave primary physical custody of the children to Mother and partial physical custody to Father pursuant to a defined schedule.  Father appealed the custody order, and on May 12, 2015, this Court affirmed at 1387 MDA 2014.

1

On October 23, 2015, Mother filed a petition to modify custody alleging that the trial court had entered a Protection From Abuse ("PFA") against Father on September 23, 2015 for abusing his girlfriend. Due to this PFA order and prior PFA orders entered against Father in 2012 and 2015, the court scheduled a Risk Of Harm hearing.

On January 22, 2016, the court held a Risk Of Harm hearing. The court ordered Father to undergo and pay for a psychological evaluation by a licensed and qualified professional to determine whether he posed a risk of harm to the children. The prothonotary mistakenly docketed the order in the divorce docket instead of in the custody docket. Upon discovering this error, the court issued an amended order on February 18, 2016 at the correct docket number. Father appealed from this order, and both Father and the court complied with Pa.R.A.P. 1925.

Father raises eight issues in this appeal:

1. Was the court's initial misfiling of the Risk of Harm Order a violation of Pa.R.Civ.P. 1915.4(d), pertaining to prompt disposition in custody trials?

2. Whether the court erred in holding the hearing and entering the order pursuant to 23 Pa.C.S. § 5329?

3. Whether the court's decision that the children's testimony was not necessary prevented the father from presenting a full defense?

4. Whether the court's decision that the children's testimony was not necessary violated [their] right to testify on their own behalf?

5. Whether the court erred by not granting Father's request to obtain Children and Youth records of the mother?

6. Whether the court exhibited bias or prejudice, failed to maintain judicial impartiality, and improperly apply the law as a result?

7. Whether the overriding concern of the court was the scheduling/weather related issue?

8. Where the Order and the statements made by the court in the Reconsideration Hearing exhibits the court's poor attention to detail, thus causing the competence and diligence of the court to be questioned?

Brief For Father, at 6-7. None of these issues are appealable at this juncture.

An appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313). We briefly summarize the nature of each order.

An order is final and appealable if it dismisses all the claims or parties or includes the express determination that an immediate appeal would facilitate resolution of the case. Pa.R.A.P. 341(b-c).

An order is a collateral order, immediately appealable as of right, if: (1) the matter is separable from and collateral to the main cause of action; (2) it involves a right too important to be denied review; and (3) is such that the claimed right would be irreparably lost if review is postponed until final judgment in the case. Pa.R.A.P. 313.

An interlocutory (non-final) order is appealable as of right if it falls within specific categories of orders delineated within Pa.R.A.P. 311.

Lastly, an interlocutory order is appealable by permission if the appellant seeks and obtains permission to appeal the order under the strict requirements prescribed within Pa.R.A.P. 1311 and 1312.

In his first argument on appeal, Father contends that the court violated his right under Pa.R.Civ.P. 1915.4(d) to prompt disposition of his custody case by filing the order directing psychological testing on the divorce docket instead of the custody docket. Rule 1915.4(d) provides that the court shall decide a custody case within 15 days after conclusion of trial. *Id*. The court may extend the decision date for good cause but not for more than 45 days after conclusion of trial. *Id*.

This issue is not appealable under Pa.R.A.P. 341, because there is no final order disposing of all parties and issues in Father's custody case, and the court did not make an express determination that an immediate appeal of this issue would facilitate resolution of this case. Nor is this issue appealable under Pa.R.A.P. 313, because this issue does not satisfy any of Rule 313's three criteria. The brief delay in docketing the order properly (1) is not separable from and collateral to the substance of the custody action; (2) does not involve a right too important to be denied review; and (3) is not a right that will be irreparably lost if review is postponed until final judgment in the case.

This is merely an interlocutory order that does not fall within any category of appealable interlocutory orders with Pa.R.A.P. 311. Father did not seek or obtain permission to appeal this interlocutory order under Pa.R.A.P. 1311. Therefore, we lack jurisdiction to review this issue.

In his second argument on appeal, Father insists that the court abused its discretion in ordering him to undergo psychological testing to determine whether he poses a risk of harm to the children. This order is not a final order under Pa.R.A.P. 341, because the court did not enter a final order disposing of all custody issues or make an express determination that an immediate appeal of this issue would facilitate resolution of this case. It does not fall within any category of appealable interlocutory orders under Pa.R.A.P. 311. Nor did Father seek or obtain permission to appeal this order under Pa.R.A.P. 1311. Lastly, this order does not satisfy the collateral order doctrine. **See Miller v. Steinbach**, 681 A.2d 775, 777 (Pa.Super.1996) (order directing father to submit to and pay for psychological evaluations before custody determination was not final order or otherwise appealable; order was not appealable interlocutory order under Pa.R.A.P. 311, father failed to invoke procedure for interlocutory appeal by permission, and order was not collateral order because it was intertwined with custody determination).

It is illuminating to distinguish two other decisions from the present case. In one decision, we held that an order compelling a parent to undergo

psychological testing is appealable under the collateral order doctrine because the order implicated the parent's privacy rights. *Matter of T.R.*, 665 A.2d 1260, 1263 (Pa.Super.1995), *reversed on other grounds*, 731 A.2d 1276 (Pa.1999) (order compelling testing appealable as collateral order because parent's privacy interests were separable from the main cause of action, right of privacy was too important to be denied review, and postponement of review until after final judgment would cause irreparable harm to the parent's privacy interests). On another occasion, we held that a discovery order compelling a parent to produce allegedly privileged mental health records to the other parent was an appealable collateral order. *M.M. v. L.M.*, 55 A.3d 1167, 1168 n. 1 (Pa.Super.2012). These decisions are inapposite here, because Father does not contend that the order in question violated his privacy rights or any privilege. He argues only that psychological testing is unreasonable because he does not have any criminal history. Brief For Father, at 18-21. Accordingly, we lack jurisdiction to review Father's argument.

We address Father's third through eighth arguments together. Father complains that the court erred in refusing to permit his children to testify; denying his request for Mother's CYS records; failing to remain neutral and impartial; focusing unnecessarily on scheduling and weather-related issues; and ignoring important evidence. Once again, these issues are not appealable under Pa.R.A.P. 341, because the court did not enter a final order

disposing of all custody issues or make an express determination that an immediate appeal of these issues would facilitate resolution of this case. These issues do not fall within any category of appealable interlocutory orders under Pa.R.A.P. 311. Nor did Father seek or obtain permission to appeal these issues under Pa.R.A.P. 1311. Finally, these issues do not implicate the collateral order doctrine, because they are not separable from the underlying custody issue, are not too important to be denied review, and can await a final order without causing irreparable harm to Father.

In short, none of the issues raised by Father are appealable. We therefore quash this appeal.

Appeal quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2016