J. S76016/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.R.M., | : | IN THE SUPERIOR COURT OF |
| APPELLANT | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| N.K.M. | : | |
| | : | |
| | : | |
| | : | No. 757 EDA 2016 |

Appeal from the Order Entered March 2, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2010-8597

BEFORE: STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 12, 2016**

Appellant, D.R.M. ("Mother"), appeals from the March 2, 2016 Order entered in the Court of Common Pleas of Delaware County during a custody dispute between Mother and Appellee, N.K.M. ("Father") which, *inter alia*, ordered the parties' two minor children to attend at least five counseling sessions to promote reconnection with Father and ordered the parties to split the cost of the children's sessions. After review, we quash this appeal as interlocutory.

Mother and Father are involved in a highly acrimonious custody dispute regarding their two children, who are currently ten and thirteen years of age, which Mother initiated in 2009. Most recently, on April 24,

---

[*] Former Justice specially assigned to the Superior Court.

2015, Father filed a Petition to Modify the Custody Order of May 9, 2013, which granted Mother and Father joint legal custody, granted Mother primary physical custody, and granted Father partial physical custody on every other Saturday and every other Wednesday evening. *See* Order, 5/9/13.

On June 26, 2015, after a custody conference, a Custody Master denied Father's Petition to Modify. On July 6, 2015, Father filed a Motion for a Trial *De Novo*, which is still pending before the trial court.

On July 9, 2015, Father filed a Petition for Contempt of the May 9, 2013 Custody Order ("Petition for Contempt"); on August 15, 2015, Father filed a Motion to Compel Mother to Comply with the May 9, 2013 Custody Order ("Motion to Compel"); on September 28, 2015, Father filed a Petition for Special Relief Pursuant to [Pa.R.C.P. No.] 1915.13 for Psychological Counseling of Minor Children and/or Parents ("Petition for Counseling"). Mother filed responses to all three.

On October 14, 2015, after a pre-trial conference, the trial court entered an Order requiring Mother and Father to attend co-parent counseling. The trial court subsequently held Father's additional petitions/motions in abeyance.

On February 6, 2016, Father filed an Emergency Petition to Compel Mother to Comply with Custody Order and Contempt of Custody Order ("Emergency Petition"). Mother subsequently filed an Answer and

Counterclaim. On February 23, 2016, the trial court conducted a hearing on Father's Emergency Petition and Father's September 28, 2015 Petition for Counseling. N.T. Hearing, 2/23/16, at 14. On February 26, 2016, the trial court entered an Order finding that "Mother willfully failed to comply with the [custody] Order of May 9, 2013[,]" and increasing Father's partial physical custody to every Saturday and every Wednesday evening. Order, 2/26/16. On March 2, 2016, the trial court entered a second Order that is the subject of this appeal, requiring the minor children to attend counseling sessions and ordering the parents to split the cost of the sessions and attend counseling if recommended.

Mother timely appealed, and both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother raises the following issues on appeal:

1. Whether the Lower Court erred as a matter of law in entering an order on [Father]'s Petition for Special Relief for Psychological Counseling of Minor Children and/or Parents filed on September 28, 2015 ("Counseling Petition") and [Mother]'s Answer with New Matter and Counterclaim ("Answer to Counseling Petition") thereto, when it failed to give proper notice of hearing on those pleadings?

2. Whether the Lower Court erred as a matter of law when it failed to conduct an evidentiary hearing on February 23, 2016 on [Father]'s [C]ounseling [P]etition and Appellant's [A]nswer to [C]ounseling [P]etition prior to entering its March 2, 2016 order, thereby denying [Mother] her constitutional right to defend a lawsuit brought against her?

3. Whether the Lower Court erred as a matter of law by entering the March 2, 2016 [O]rder on [Father]'s [C]ounseling [P]etition and [Mother]'s [A]nswer to [C]ounseling [P]etition, since those

- 3 -

pleadings were not properly before the court on February 23, 2016?

4. Whether, in the alternative, the Lower Court erred as a matter of law when it denied [Mother]'s ability to call the minor children as witnesses in the [E]mergency [P]etition for [C]ontempt matter, since the court used evidence in that proceeding as the basis for its March 2, 2016 [O]rder for counseling based on pleadings (i.e., counseling petition and answer to counseling petition) that were not properly before the court?

5. Whether, in the alternative, the Lower Court erred as a matter of law when it failed to create a complete record on the issue of counseling for the minor children by failing to determine: (a) [Mother]'s financial ability to pay for counseling and other economic issues; and (b) the necessity of psychological or any other counseling for the children, *inter alia*?

Mother's Brief at 1-3.

Before addressing the merits of Mother's claims, we must determine whether this matter is properly before us. As "we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." **Gunn v. Auto. Ins. Co. of Hartford, Connecticut**, 971 A.2d 505, 508 (Pa. Super. 2009) (quotation and citation omitted).

An appeal may only be taken "from a final order, unless permitted by rule or statute." **Stewart v. Foxworth**, 65 A.3d 468, 471 (Pa. Super. 2013). Generally, a final order is one that disposes of all claims and all parties. **See** Pa.R.A.P. 341(b)(1).

This Court has held that "a custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its

hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." *G.B. v. M.M.B.*, 670 A.2d 714, 720 (Pa. Super. 1996) (*en banc*).

Here, our review of the record confirms that the March 2, 2016 Order at issue was not a final order. At the beginning of the February 23, 2016 hearing, the trial court clarified that the court was only hearing testimony on certain petitions, stating "we are going to deal with the issue of contempt as well as the counseling." N.T. Hearing, 2/23/16, at 14. During the hearing, the trial court restricted testimony pending a full custody hearing: "We'll address that when we get to the custody hearing, okay?" *Id.* at 157. At the conclusion of the hearing, after ruling on Father's Petition for Contempt, Motion to Compel, Petition for Counseling, and Emergency Petition, the trial court confirmed that a trial was still pending on Father's Petition to Modify: "So we will be going to trial, and you will only go to trial on the *de novo* modification." *Id.* at 172. The trial court found that Mother had willfully disobeyed the court order and increased Father's visitation **until the trial**. *Id.* at 158; *see* Order, 2/26/16. A review of the docket reveals that the trial date has not yet been set. *See*, CCP (Del. Co.) Docket. Thus, it is clear that the court did not enter the March 2, 2016 Order after completing its hearings on the merits, and did not intend that Order to constitute a complete resolution of the custody claims pending between the parties.

Mother argues that "this matter represents a collateral order doctrine appeal[.]" Mother's Brief at 3. Rule 313 permits an appeal from a collateral order, which is "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313. "[E]ach prong of the collateral order doctrine must be clearly present before an order may be considered collateral." *Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003).

In *Miller v. Steinbach*, 681 A.2d 775 (Pa. Super. 1996), this Court expressly rejected the argument that an order requiring psychological counseling and payment in a custody matter prior to the final custody determination is a collateral order. In *Miller*, the appellant-father attempted to appeal from an order directing him to submit to and pay for psychological evaluations, claiming that the trial court violated his right to due process by requiring him to pay for the evaluations. *Id.* at 778. This Court quashed the father's appeal, concluding that the order was not final and failed to meet the requirements of the collateral order doctrine:

> Under this test, [Pa.R.A.P. 313,] we find that the order issued by the lower court was not appealable. While appellant's right is extremely important and deserves consideration, we do not find that the order was separable and collateral to the main cause of action. Appellant filed a petition for partial custody of his child. The court ordered that he undergo and pay for psychological evaluations before the court would resolve the custody issue. **In effect, the issue concerning the psychological evaluations is intertwined with the issue of whether appellant should be granted partial custody of his minor child.**

- 6 -

> In addition, we find that the question presented in appellant's appeal is not such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. Appellant's argument that he was denied due process by the lower court's order that he pay for the psychological evaluations can be presented on appeal once the lower court has issued a final order on the matter.

*Id.* at 778 (emphasis added).

Similarly, in this case, the trial court ordered psychological counseling and required both parents to pay for it prior to issuing a final order in the case. *See* Order, 3/2/16. Pursuant to *Miller,* the March 2, 2016 Order fails to meet the requirements of the collateral order doctrine, as it is not "separable and collateral to the main cause of action" because the "issue concerning the psychological evaluations is intertwined with the issue of . . . custody . . . ." *Miller, supra* at 778. Further, the question presented "is not such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." *Id.; see* Pa.R.A.P. 311.

Accordingly, the March 2, 2016 Order is neither final nor collateral. We are, thus, without jurisdiction to address Mother's claims, and we must quash the appeal.

Appeal quashed.[1]

---

[1] Father's unsupported request for attorney's fees summarily asserted at the end of his Brief is denied.

J. S76016/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2016