**Lindsay R. SNEERINGER, Appellee**

v.

**Lynn C. SNEERINGER, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 16, 2004.

Filed June 3, 2005.

Daniel Fennick, York, for appellant.

Arthur J. Becker, Jr., Hanover, for appellee.

Before: DEL SOLE, P.J., LALLY-GREEN and POPOVICH, JJ.

DEL SOLE, P.J.

¶ 1 Lynn Sneeringer ("Wife") appeals from the trial court order denying her petition for special relief which sought to invalidate a marital settlement agreement. In response, Lindsay Sneeringer ("Husband") has filed a motion to quash the appeal asserting that this Court is without jurisdiction to entertain an appeal from the trial court's interlocutory order. Upon review, we agree with Husband and quash the appeal.

¶ 2 Husband and Wife were married on May 16, 1998. Husband filed a complaint for divorce on April 23, 2003, and the marital settlement agreement at issue in this case was signed on May 8, 2003. Wife subsequently filed a petition to invalidate the marital agreement based on her assertion that at the time she signed the agreement she was suffering from depression and anxiety and therefore was not competent to enter into an agreement. Additionally, Wife argued that the agreement was invalid because she had not received full and fair disclosure of Husband's assets. After finding no merit to Wife's claims, the trial court entered an order denying her petition. Wife then filed this appeal.

¶ 3 Before addressing the merits of Wife's claims, we must first determine the appealability of the order at issue. Husband cites to *Mensch v. Mensch*, 713 A.2d 690 (Pa.Super.1998), in support of his petition to quash. In *Mensch*, this Court was presented with an appeal from a denial of a petition to set aside a marital agreement. The Court noted that a final order had not been issued in the case because no divorce decree had been entered. *Id.* at 691. Therefore, it found that the denial of the appellant's petition to invalidate the agree-

ment was interlocutory and unappealable. *Id.* at 691–92.

¶ 4 This case, like *Mensch*, involves an appeal from an order which denied a petition to invalidate a marital settlement agreement. The trial court has not yet entered a divorce decree, nor has it resolved several ancillary issues related to the divorce action.[1] The order merely refuses to invalidate the marital agreement.

¶ 5 "Under Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa.R.A.P.311), from a final order (Pa.R.A.P.341), from a collateral order (Pa.R.A.P.313), or from an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b))." *Nemirovsky v. Nemirovsky*, 776 A.2d 988, 991 (Pa.Super.2001). In the present appeal, Wife did not seek permission to appeal from an interlocutory order, nor is this an appeal taken from an interlocutory order as of right. Furthermore, this is not an appeal taken from a final order. *Mensch*, 713 A.2d at 691; *See also Fried v. Fried*, 509 Pa. 89, 501 A.2d 211, 214 (1985) (holding that orders resolving interim matters in a divorce action are not final until a divorce decree has been entered and all economic issues have been resolved).

¶ 6 Although not at issue in this case, we note that there exists a line of cases which have permitted immediate appeals to be taken from orders which have either upheld or enforced a marital settlement agreement.

¶ 7 In *Laub v. Laub*, 351 Pa.Super. 110, 505 A.2d 290 (1986), we permitted immediate review of a trial court order that found an ante-nuptial agreement valid and foreclosed the appellant's claims for alimony,

---

1. Left unresolved is a trial court order instructing Wife to place $50,000 in escrow until further order of court. Also unsettled are trial court orders directing Husband to reinstate Wife and Wife's son as beneficiaries of his health insurance policy and prohibiting him from encumbering or transferring certain real estate until further order of court.

support and equitable distribution. *Id.* at 292. Two years later, in *Nigro v. Nigro*, 371 Pa.Super. 625, 538 A.2d 910 (1988), this Court, citing *Laub*, held that an order upholding a marital settlement agreement is immediately reviewable if it precludes a dependant spouse from raising further economic issues. *Nigro*, 538 A.2d at 912–13. The Court expressly held such orders to be final and appealable. *Id.* at 913. Additionally, in *Gula v. Gula*, 380 Pa.Super. 249, 551 A.2d 324 (1988), this Court permitted immediate review of an order which dismissed the appellant's exceptions to the Master's report and adopted his recommendation that the parties' ante-nuptial agreement was valid and enforceable. *Id.* at 325. The court cited *Laub* and *Nigro* in support of its finding that the order was a final appealable order, despite the fact that the appellant filed her appeal prior to the entry of a final divorce decree. *Id.*

¶ 8 Additionally, this Court has conducted immediate review of orders enforcing or upholding marital settlement agreements without first discussing whether such orders are appealable. *See Mormello v. Mormello*, 452 Pa.Super. 590, 682 A.2d 824 (1996) (reviewing an order enforcing a property settlement agreement); *Adams v. Adams*, 414 Pa.Super. 634, 607 A.2d 1116 (1992) (conducting an immediate review of an order upholding the validity of a post-nuptial agreement). Even most recently in *Stoner v. Stoner*, 572 Pa. 665, 819 A.2d 529 (2003), our Supreme Court reviewed an order enforcing a post-nuptial agreement and requiring the wife to consent to a divorce and to sign the necessary paperwork to relinquish interest in the husband's retirement fund. In these cases, it is unclear whether immediate re-

view was undertaken based on a determination that the orders enforcing or upholding the agreements were final orders or whether the courts reached the merits of those appeals by finding that they were taken from collateral orders. If the courts reached the merits of these cases by finding that orders upholding or enforcing marital agreements are final orders based on the holdings in *Laub* and *Nigro*, then their continued authority can be questioned.

¶ 9 Although neither *Laub* nor *Nigro* has been expressly overruled, their precedential value with regard to appealability based on the finality of an order upholding or enforcing a marital settlement agreement is in doubt. In each of these cases, an immediate appeal was taken from the trial court's denial of the appellant's motion for post-trial relief in accordance with Pa.R.C.P. 227.1. However, this post-trial practice has been eliminated by the current version of Pa.R.C.P.1920.52, which prohibits the filing of a motion for post-trial relief in claims involving the enforcement of a marital agreement. Pa.R.C.P. 1920.52(a)(2).

¶ 10 Further, both *Laub* and *Nigro* were decided prior to the adoption of the current version of Pa.R.A.P. 341. Rule 341 of Appellate Procedure provides that unless otherwise permitted by statute or rule, an appeal may only be taken from a final order. The rule further explains that a final order is one that ends the litigation or disposes of the entire case.[2] Pa.R.A.P. 341(b). This Court has interpreted the current version of Pa.R.A.P. 341(b), and determined that interim matters in divorce actions do not become final until a divorce decree is entered. For example, in *Wilson v. Wilson*, 828 A.2d 376 (Pa.Su-

**2.** The pre–1992 version of Rule 341, upon which both *Laub* and *Nigro* relied, did not contain a definition of a final order.

per.2003), we found that an order distributing marital property was not a final order under Pa.R.A.P. 341 and thus, the appeal challenging that order was interlocutory and unreviewable until a divorce decree was entered. *Wilson*, 828 A.2d at 377; *see also Mensch*, 713 A.2d at 692 (quashing an appeal from an order denying the appellant's petition to invalidate a settlement agreement). Thus, considering the elimination of post-trial practice in divorce actions, and this Court's recent interpretation of Pa.R.A.P. 341, it is doubtful whether the determinations of finality made in *Laub* and *Nigro* are still valid.

¶ 11 Thus, to the extent that any decisions may have relied on *Laub* and/or *Nigro* in finding that the orders upholding or enforcing the marital agreements were final orders, their continued validity with regards to appealability is also doubtful.

■ ¶ 12 Conversely, *Mormello, Adams*, and *Stoner* may have concluded that the orders at issue enforcing or upholding a marital agreement were immediately appealable because they were collateral orders. A collateral order is "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa. R.A.P. 313(b). All three factors must be present for an order to be deemed collateral. *Troescher v. Grody*, 869 A.2d 1014 (Pa.Super.2005).

■ ¶ 13 In support of her assertion that the present order is a collateral order, Wife cites to *In Re: Estate of Bullotta*, 798 A.2d 771 (Pa.Super.2002). In *Bullotta*, the husband and wife reached an agreement concerning the division of marital assets during the course of a divorce proceeding; however, prior to the divorce decree being entered and before all the terms of the agreement were carried out, the husband died. The trial court then entered an order adopting the marital settlement agreement and concluding that the agreement controlled the distribution of the husband's estate. While the order was not a final order because the divorce decree had not been entered, we permitted immediate review because we found that all the elements of a collateral order were met: (1) the distribution of the assets was an issue collateral to and separable from the administration of the husband's estate; (2) the right involved was too important to deny review; and (3) the claim might have been irreparably lost because there was the possibility that funds or real property that may have been included in the estate might have been transferred, sold or dissipated before a final accounting occurred. *Id.* at 773–74.

¶ 14 We find Wife's reliance on *Bullotta* misguided. The order in *Bullotta* adopted the marital agreement and directed the distribution of the husband's estate to be in accordance with that agreement. The order from which Wife is presently appealing neither adopts the agreement, nor distributes any property. Additionally, we find Wife has not satisfied all three elements of a collateral order. Even assuming Wife can show the order is collateral to and separable from the divorce proceedings, and that the right involved is important, her claim will not be irreparably lost. The trial court has merely refused to invalidate an agreement. Wife may challenge that ruling after a divorce decree is entered and after the trial court orders the property distributed per the terms of the agreement.

¶ 15 In conclusion, because no decree of divorce has been entered in the present case, we find that the denial of Wife's petition to invalidate the parties' marital settlement agreement is not a final order.

We also find that the present order is not a collateral order because it will not result in an irreparable loss to Wife if review is postponed; Wife will be free to challenge the trial court's rulings once a divorce decree has been entered. Accordingly, we find that the order is interlocutory and unappealable.

¶ 16 Therefore, because this appeal was filed from the entry of an interlocutory, unappealable order, it is hereby quashed.

¶ 17 Appeal quashed.