J-A35013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARY JANE DOYLE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JAMES T. DOYLE, | |
| Appellee | No. 155 WDA 2014 |

Appeal from the Order Entered December 30, 2013
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD98-009613-004

BEFORE:  BENDER, P.J.E., BOWES, J., and ALLEN, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 20, 2015**

Mary Jane Doyle (Wife) appeals from an order entered on December 30, 2013, after a hearing on Wife's complaint for declaratory judgment, upholding James T. Doyle's (Husband) and Wife's marriage settlement agreement (MSA) that they entered into in contemplation of a divorce. We quash the appeal as interlocutory and remand for further proceedings.

The parties were married in November of 1981 and had three children. Wife filed for divorce in 1998 and again in 1999, but on both occasions the parties reconciled. Wife then filed a divorce complaint in September of 2006 and again in June of 2009. Following extensive negotiations, the parties executed the MSA on June 3, 2009. Pursuant to the terms of the MSA, Wife would receive $100,000 and Husband would retain the rest of the marital assets. Despite having signed the MSA, the parties apparently did not move

forward and secure a divorce decree. Rather, on April 12, 2010, Wife filed a complaint for declaratory judgment seeking to invalidate the MSA.[1] Following a hearing, the court concluded that the MSA was "valid and binding and enforceable with respect to the parties." Trial Court Order, 12/30/13.

Wife now appeals to this Court, raising the following three issue for our review:

> [I.] Whether the trial court committed an error of law in holding that the parties' [m]arital [s]ettlement [a]greement could only be invalidated for lack of full and fair disclosure (which by itself has no "reliance" requirement) if Wife could prove misrepresentation (as to which reliance is required), when as a matter of law, nondisclosure and misrepresentation are separate and independent grounds for invalidating the [a]greement.
>
> [II.] Whether the trial court committed an error of law in holding that a waiver of disclosure need not be in writing.
>
> [III.] Whether the trial court committed an error of law or abuse of discretion in holding that [Wife] waived her right to full and fair disclosure.

Wife's brief at 5.

_____

[1] Wife was required to file the declaratory judgment action at the same term and number at which the divorce complaint had been filed. **See** Allegheny County Local Rule 198(1) (stating that "[a]ll cases between spouses, former spouses, or persons living as spouses shall be filed in the Family Division"). **See also** Allegheny County Local Rule 1930(f)(1) (stating that "[a]ll pleadings filed with the Adult Section of the Family Division shall be filed under the originally assigned case number for the involved family. After an original case number has been assigned to all pleadings, regardless of the caption or nature of the case, all pleadings shall be filed under the originally assigned number.").

As in **Kensey v. Kensey**, 877 A.2d 1284, 1286-87 (Pa. Super. 2005), prior to "addressing these substantive issues, we must address the appealability of the trial court's [December 30, 2013] order *sua sponte* because the appealability of the order goes to our jurisdiction to hear the appeal. **See Mensch v. Mensch**, 713 A.2d 690, 691 (Pa. Super. 1998)." The **Kensey** court further stated:

> "Under Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa. R.A.P. 311), from a final order (Pa. R.A.P. 341), from a collateral order (Pa. R.A.P. 313), or from an interlocutory order by permission (Pa. R.A.P. 31[2], 1311, 42 Pa. C.S.A. § 702(b))." **Radakovich v. Radakovich**, 846 A.2d 709, 714 (Pa. Super. 2004) (alteration in original) (quoting **Nemirovsky v. Nemirovsky**, 776 A.2d 988, 991 (Pa. Super. 2001)). In this regard, the issue concerns whether the trial court's order is either a final order or an interlocutory order that is appealable by permission.

**Id.** at 1287.

In Wife's statement of jurisdiction, she claims that the order from which she is appealing is a final order. **See** Wife's brief at 1 (relying on **Nigro v. Nigro**, 538 A.2d 910, 912-13 (Pa. Super. 1988); **Laub v. Laub**, 505 A.2d 290, 292 (Pa. Super. 1986)). However, Wife acknowledges that the more recent decision in **Sneeringer v. Sneeringer**, 876 A.2d 1036 (Pa. Super. 2005), held that the type of order from which she is appealing here is "interlocutory and not appealable until the entry of a divorce decree and the disposition of all other claims and issues." Wife's brief at 1. Specifically, Wife notes that the **Sneeringer** decision recognized that "neither **Laub** nor **Nigro**

ha[ve] been expressly overruled." ***Id.*** However, the ***Sneeringer*** Court explained:

> Although neither ***Laub*** nor ***Nigro*** has been expressly overruled, their precedential value with regard to appealability based on the finality of an order upholding or enforcing a marital settlement agreement is in doubt. In each of these cases, an immediate appeal was taken from the trial court's denial of the appellant's motion for post-trial relief in accordance with Pa.R.C.P. 227.1. However, this post-trial practice has been eliminated by the current version of Pa.R.C.P. 1920.52, which prohibits the filing of a motion for post-trial relief in claims involving the enforcement of a marital agreement. Pa.R.C.P. 1920.52(a)(2).

> Further, both ***Laub*** and ***Nigro*** were decided prior to the adoption of the current version of Pa.R.A.P. 341. Rule 341 of Appellate Procedure provides that unless otherwise permitted by statute or rule, an appeal may only be taken from a final order. The rule further explains that a final order is one that ends the litigation or disposes of the entire case.[2] Pa.R.A.P. 341(b). This Court has interpreted the current version of Pa.R.A.P. 341(b), and determined that interim matters in divorce actions do not become final until a divorce decree is entered. For example, in ***Wilson v. Wilson***, 828 A.2d 376 (Pa. Super. 2003), we found that an order distributing marital property was not a final order under Pa. R.A.P. 341 and thus, the appeal challenging that order was interlocutory and unreviewable until a divorce decree was entered. ***Wilson***, 828 A.2d at 377; ***see also Mensch***, 713 A.2d at 692 (quashing an appeal from an order denying the appellant's petition to invalidate a settlement agreement). Thus, considering the elimination of post-trial practice in divorce actions, and this Court's recent interpretation of Pa. R.A.P. 341, it is doubtful whether the determinations of finality made in ***Laub*** and ***Nigro*** are still valid.

> [2] The pre-1992 version of Rule 341, upon which both Laub and Nigro relied, did not contain a definition of a final order.

> Thus, to the extent that any decisions may have relied on ***Laub*** and/or ***Nigro*** in finding that the orders upholding or enforcing the

marital agreements were final orders, their continued validity with regards to appealability is also doubtful.

***Sneeringer***, 876 A.2d at 1038-39.[2]

Accordingly, we conclude that despite the trial court's upholding of the validity of the MSA, that order is not a final, appealable order. As directed by this Court in ***Sneeringe***r, Wife here may challenge that order "after a divorce decree [has been] entered and after the trial court orders the property distributed per the terms of the agreement." ***Id.*** at 1039. Therefore, because this appeal is from an interlocutory, unappealable order, we are compelled to quash it.

Appeal quashed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2015

_____

[2] We also note that relief under the Declaratory Judgments Act "is expressly limited in divorce cases." ***Kensey***, 877 A.2d at 1287. The trial court here did not declare the validity or invalidity of the parties' marriage. Rather, it declared the effect of the MSA on the parties' property rights, which "is not a final order under the Declaratory Judgments Act. 42 Pa.C.S.A. § 7541(c)(1)." ***Id. Cf. Moser v. Renninger***, 40 A.3d 156, 159 (Pa. Super 2012) (stating that "the determination [that] a valid marriage exists is not a final and appealable order when rendered as part of an action in divorce").