J-A07003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BEATRIZ RHOADES, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RODNEY VERNON RHOADES, | |
| Appellee | No. 493 WDA 2014 |

Appeal from the Order March 3, 2014
In the Court of Common Pleas of Armstrong County
Civil Division at No(s): 2004-1376-Civil

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 1, 2015**

Beatriz Rhoades (Wife) appeals *pro se* from the order entered on March 3, 2014, that directed Rodney Vernon Rhoades (Husband) to name Wife as the primary beneficiary of no less than 13% of his Pennsylvania State Employees Retirement Pension.  The order also directed that Husband provide proof of this designation to the court and, thereafter, that the Pennsylvania State Employees Retirement Board freeze all activity except that Husband could designate beneficiaries for the remaining 87% of the account.  We quash the appeal as interlocutory.

The parties were married on October 4, 2001, and separated on November 5, 2004.  In its Pa.R.A.P. 1925(a) opinion, the trial court provided the following background and status of this matter that gave rise to this appeal, stating:

This appeal concerns the primary marital asset of the parties, the marital portion of [Husband's] Pennsylvania State Employees Retirement Pension account. On a number of occasions, [Wife] has sought an order naming her as sole beneficiary of the entire retirement account pending final equitable distribution.[1]

[1]Because of various delays occasioned by both parties, the Master's Hearing, which began on July 24, 2007, was not completed until September 11, 2014. The Master filed his report January 7, 2015.

On November 30, 2006, the [c]ourt ordered [Husband] to designate [Wife] as primary beneficiary of thirty percent of the retirement account, freezing all account activity except changes to designated beneficiaries of the remaining seventy percent. In the order being appealed, dated March 3, 2014, the [c]ourt reduced that amount to thirteen percent of [Husband's] pension, in part because as [Husband] has continued to work over the years, the marital share of his pension account has become a smaller piece of the whole. The freeze in retirement account activity remained in effect under the new Order, with the exception that [Husband] was allowed to change the named beneficiary to eighty-seven percent of the account.

As the [c]ourt stated in the March 3, 2014 Order, "The purpose of this Order is merely to protect [Wife's] interests until an equitable distribution of marital assets has been accomplished either by voluntary settlement or by the [c]ourt." The Order complained of is interlocutory and not appealable. Therefore, the [c]ourt recommends dismissal of the appeal.

Trial Court Opinion, 2/6/15, at 1-2.

Wife appealed from the March 3, 2014 order, and raises the following

issues for our review:

1. Whether [the] court erred in denying the injured/Wife's petition to protect her status as the named sole primary beneficiary of Husband's SERS Retirement account[?] Injunctive relief.

2.    Whether [the] court erred in directing Husband to cause injured/Wife to be named the primary beneficiary of the thirteen percent (13%) of his SERS retirement account upon his death[?]

3.    Whether the court erred in rendering decision without Master's report, findings of fact, conclusions of law[?]

4.    Whether there was an abuse of discretion by the lower court[?]

Wife's Brief at 4.

Before we can address the merits of Wife's issues, we first must determine the appealability of the order at issue. Although Wife does not mention the appealability of the March 3, 2014 order in her initial brief, in her reply brief, she responds to Husband's contention that the appeal should be quashed. She acknowledges that the order is not a final order. *See* Pa.R.A.P. 341. We agree, and note that "[t]his Court has held that 'where a decree in divorce has not been entered and ancillary claims remain unresolved, issues such as those seeking special relief, are interlocutory and unappelable.'" *Radakovich v. Radakovich*, 846 A.2d 709, 714 (Pa. Super. 2004). *See also Sneering v. Sneering*, 876 A.2d 1036, 1038 (Pa. Super. 2005) ("This Court has interpreted the current version of Pa.R.A.P. 341(b), and determined that interim matters in divorce actions do not become final until a divorce decree is entered.").

However, Wife claims that the March 3, 2014 order "meets the criteria of the 'collateral order doctrine' that permit[s] [] immediate appellate review under [Pa.R.A.P.] 313." Wife's Reply Brief at 7. We disagree.

> A collateral order is "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa. R.A.P. 313(b). All three factors must be present for an order to be deemed collateral. ***Troescher v. Grody***, 869 A.2d 1014 (Pa. Super. 2005).

***Sneeringer***, 876 A.2d at 1039.

Even if we were to conclude, which we do not, that the order on appeal is separable from and collateral to the divorce action, or that the right to a portion of Husband's pension is too important to be denied review at this time, we do not conclude that Wife's right to a portion of Husband's pension will be irreparably lost. It is apparent that Wife claims that she is entitled to Husband's entire SERS pension because she had been the sole beneficiary of the account prior to separation. Wife overlooks the fact that the marriage was of short duration and that the portion of Husband's pension to which Wife is entitled is limited to that part that was earned during the period of the parties' marriage. The court was aware of this fact and used it as the basis for ordering that 13% of the pension should remain frozen, thus, protecting Wife's right to the marital portion of Husband's pension.

Accordingly, we conclude that Wife has not satisfied all three elements of a collateral order. As in ***Sneeringer***, even if Wife could "show the order is collateral to and separable from the divorce proceedings, and that the right involved is important, her claim will not be irreparably lost." ***Id.*** at 1039. Wife will be entitled to challenge the substance of the court's March

3, 2014 order after the divorce decree is entered upon the completion of the equitable distribution of the marital assets. Because we conclude that this appeal was filed from the entry of an unappealable, interlocutory order, we are compelled to quash it.

Appeal quashed

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2015