J-S94027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| T.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| M.B. | |
| Appellant | No. 1076 MDA 2016 |

Appeal from the Order May 31, 2016
in the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2004-FC-40815

BEFORE: LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED MARCH 06, 2017**

M.B. ("Wife") appeals from the order of May 31, 2016, denying her petition for enforcement of the marital settlement agreement. Upon review, we quash the appeal as interlocutory.

We adopt the following statement of facts derived from the trial court opinion, which in turn is supported by the record. *See* Trial Court Opinion (TCO), 8/9/16, at 1-4. The parties were married on January 28, 1984. In July 2004, T.B. ("Husband") filed a complaint in divorce and claim for equitable division of the property. However, the parties never underwent equitable distribution, and a final decree in divorce was never entered.

---

[*] Former Justice specially assigned to the Superior Court.

Instead, the parties entered into a marital settlement agreement which was not filed of record but provided for the disposition of marital property and debt. In relevant part, Wife agreed to assume credit card debt and waive her right to the marital premises, and Husband agreed to pay Wife lump sums each year from 2005 to 2009. The agreement contained a provision that no modification of the terms would be valid unless in writing, signed by both parties. However, despite the agreement, Wife moved back into the marital residence in 2005 and remained there for ten years. In return, Husband asked Wife to pay $450.00 per month in rent, which she did not pay.

On February 4, 2014, Wife filed a petition under Pa.R.C.P. 1920.15, averring that the parties had attempted to reconcile, but the reconciliation and marital settlement agreement had failed. Accordingly, Wife requested equitable distribution of the marital property.[1]

On February 11, 2016, Wife filed the instant petition to enforce the November 2004 marriage settlement agreement, averring that Husband had not made the lump sum payments required by the agreement. Wife argued that because the agreement provided that modifications or waivers would

---

[1] The trial court opinion states that Husband filed the petition for equitable distribution, but the record reflects that it was Wife who filed said petition. *See* Pa.R.C.P. 1920.15 Petition for Equitable Distribution, 2/14/14, at 1-2. Other petitions for special relief, not relevant to the instant disposition, were filed and withdrawn.

- 2 -

not be valid unless in writing, Husband had no defense to her claim for the $13,000.00 provided for by the agreement. Husband filed an answer in opposition and new matter denying that the parties had reconciled and claiming he only allowed Wife to move into the house because she had nowhere else to live. Husband argued that the parties had modified their agreement by their actions and that as a result of Wife's failure to pay rent, she owed Husband $57,150.00.

The parties appeared before the court for argument and submitted briefs on the merits of the petition.[2] On May 31, 2016, the court denied Wife's petition, holding that it would be inequitable to grant Wife's request.

Wife timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued a responsive opinion.

On appeal, Wife raises three questions for our review:

I. Whether the trial court erred in not enforcing the marital settlement agreement provisions relating to the payments required to have been made to [Wife]?

II. Whether the trial court erred in not enforcing the provision of the marital settlement agreement requiring a writing modifying the marital settlement agreement to be in writing and signed by both parties?

---

[2] No request for transcript was filed. *See* Statement Counsel Under Pa.R.A.P. 904(c), 6/2/16, at 1.

III. Whether the trial court erred in not enforcing the marital settlement agreement provisions relating to the payments required to be made to [Wife]?

Wife's Brief at 2-3 (unnecessary capitalization omitted, repetition of first and third issues in original).

Prior to addressing the merits of Wife's appeal, we must determine the appealability of the order, as questions concerning the appealbility of an order go to the jurisdiction of this Court to hear the appeal and may be raised *sua sponte*. **Capuano v. Capuano**, 823 A.2d 995, 998 (Pa. Super. 2003) (noting that during the pendency of divorce actions appeals related to spousal support are interlocutory). Here, although no formal petition to quash has been filed, Husband avers that this is not a final order, as no divorce decree has been entered. **See** Husband's Brief at 7.

"Under Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa.R.A.P. 311), from a final order (Pa.R.A.P. 341), from a collateral order (Pa.R.A.P. 313), or from an interlocutory order by permission (Pa.R.A.P. 31[2], 1311, 42 Pa.C.S.A. § 702(b))." **Radakovich v. Radakovich**, 846 A.2d 709, 714 (Pa. Super. 2004) (alteration in original).

In her Statement of Jurisdiction, Wife baldly claims that the trial court's order is final and that this Court has jurisdiction over the appeal pursuant to 42 Pa.C.S. § 742, Pa.R.A.P. 301(a)(1), and Pa.R.A.P.

342(b)(1).[3]  This assertion is incorrect.  A final order is defined by the Rules of Appellate Procedure as an order that disposes of all claims and of all parties, or is entered as a final order pursuant to paragraph (c) of the rule. **See** Pa.R.A.P. 341(c) (allowing the trial court to enter a final order as to one or more but fewer than all of the claims and parties upon an express determination that an immediate appeal would facilitate resolution of the entire case).

This Court has held that where a decree in divorce has not been entered and ancillary claims remain unresolved, issues such as those seeking special relief are interlocutory and unappealable.  **See Mensch v. Mensch**, 713 A.2d 690, 691 (Pa. Super. 1998); **see also Sneeringer v. Sneeringer**, 876 A.2d 1036, 1039 (Pa. Super. 2005) (noting that where a decree of divorce has not been entered, orders involving marital settlement agreements are not final orders).  Further, where such an order does not result in an irreparable loss to the parties if review is postponed, such an order is not a collateral order.  **Id.** at 1040.  Wife did not request to appeal by permission pursuant to Pa.R.A.P. 1311.  Here, the order is neither final nor collateral and, accordingly, it is interlocutory and unappealable.

---

[3] **See** 42 Pa.C.S. § 742 (providing this Court with exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas); Pa.R.A.P. 301(a)(1) (providing that no court order is appealable until it has been entered upon the appropriate docket in the lower court); Pa.R.A.P. 342(b)(1) (defining, for purposes of the statute, the term "estate").

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/6/2017