J-A03001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SCOTT M. ROTHMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SARA JOHNSON ROTHMAN | : | No. 2225 EDA 2022 |

Appeal from the Decree Entered July 29, 2022
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2021-02309

BEFORE:   KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 21, 2023**

Appellant Scott M. Rothman ("Husband") appeals from the July 29, 2022, divorce decree, which made final the trial court's October 1, 2021, order.  That order granted the petition of Appellee Sara Johnson Rothman ("Wife") to confirm the validity and enforceability of the parties' Postnuptial Agreement, as well as dismissed Husband's claim for equitable distribution.[1]  After a careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note the trial court's July 29, 2022, divorce decree, which incorporated the terms of the Postnuptial Agreement, rendered appealable the prior order related to the validity thereof, as well as the dismissal of Husband's claim for equitable distribution. ***See Sneeringer v. Sneeringer***, 876 A.2d 1036 (Pa.Super. 2005).

The relevant facts and procedural history are as follows: The parties were married on May 28, 2005, and they have two minor children.[2]  On July 7, 2021, Wife filed a complaint in divorce averring the marriage is irretrievably broken. She sought spousal support, alimony *pendente lite*, and alimony in accordance with the parties' Postnuptial Agreement, which was executed on July 23, 2020.  Further, in accordance with the provisions of the Postnuptial Agreement, Wife requested the Postnuptial Agreement be incorporated but not merged into the divorce decree.  Wife attached the Postnuptial Agreement to her complaint as an exhibit.

On July 29, 2021, Husband filed an answer with a counterclaim. Therein, Husband agreed the parties' marriage is irretrievably broken; however, in his answer, he "specifically denied that the Postnuptial Agreement is a valid, enforceable agreement."  Husband's Answer, filed 7/29/21, at 1.

In his counterclaim, Husband requested the trial court equitably divide the marital property. He averred:

> Husband disputes that the Postnuptial Agreement provided by Wife is a valid, enforceable Agreement.  In the event that the parties are able to reach a future valid, enforceable agreement, Husband desires that such written agreement be approved by the Court and incorporated into any divorce decree which may be entered dissolving the marriage between the parties.

*Id.* at 4.

---

[2] The parties reached a custody agreement as it relates to their minor children, and the trial court entered a final custody order on May 3, 2021.

On August 5, 2021, Wife filed a petition for special relief wherein she sought a declaratory judgment. Specifically, Wife sought an order declaring that the parties' July 23, 2020, Postnuptial Agreement is valid, binding, and enforceable. Wife averred Husband, who is an attorney specializing in contract law, knowingly and voluntarily entered into the Postnuptial Agreement after a series of negotiations between Husband and Wife, as well as between Husband[3] and Wife's counsel. Wife asserted Husband provided no basis to support his bald allegation that the Postnuptial Agreement is invalid.

On August 24, 2021, Husband filed an answer in opposition to Wife's petition for special relief. Therein, as it relates to the Postnuptial Agreement, Husband asserted the following (verbatim):

> Wife has only just filed her Petition for a Declaratory Judgment on Husband's statement that he does not believe the Agreement is valid. Husband submits the agreement is valid[4] due to not being voluntary, duress, lack of consideration and/or failure to perform consideration. The Agreement is unconscionable and impossible to perform.

Husband's Answer, filed 8/24/21, at 1 (footnote added).

By order filed on October 1, 2021, the trial court provided the following in its entirety (verbatim):

> [A]fter review of briefs and the record in the above captioned matter, it is hereby ORDERED and DECREED that

---

[3] The cover page of the July 23, 2020, Postnuptial Agreement indicates Husband was *pro se*.

[4] As discussed *infra*, Husband asserts the word "valid" is a typographical error, and he intended to use the word "invalid".

> Plaintiff/Wife Sara Johnson Rothman's Petition for Special Relief for Declaratory Judgment in the above captioned matter is GRANTED, and the Court holds the parties' July 23, 2020, Postnuptial Agreement is a valid and enforceable contract.
>
> In addition, pursuant to the above, Defendant/Husband Scott M. Rothman's claims for Equitable Distribution are hereby DISMISSED.

Trial Court Order, filed 10/1/21 (bold omitted).

On October 1, 2021, Husband filed a motion for reconsideration requesting the trial court vacate its order to afford Husband a "full and fair" hearing, as well as permit him to amend his answer in opposition to Wife's petition to properly reflect his contention that the Postnuptial Agreement is "invalid". On October 26, 2021, Husband filed a notice of appeal from the trial court's October 1, 2021, order.

Meanwhile, the parties entered into a stipulation for payments under the Postnuptial Agreement, and on October 29, 2021, the trial court entered an order, which memorialized the parties' stipulated payments. Moreover, on January 28, 2022, Husband filed a petition for leave to amend the typographical error, which he made in his answer to Wife's petition as discussed *supra*. The trial court denied Husband's petition for leave to amend the typographical error pursuant to the law of the case doctrine.

On January 3, 2022, this Court *sua sponte* quashed Husband's October 26, 2021, notice of appeal on the basis it was taken from a non-appealable interlocutory order. Specifically, this Court noted that a divorce decree had not been entered, so the economic issues were not yet reviewable.

- 4 -

On March 23, 2022, Wife filed an Affidavit under Section 3301(d) of the Divorce Code indicating the date of the parties' separation was on or after December 5, 2016, and a divorce decree should be entered since the marriage is irretrievably broken. On April 8, 2022, Husband filed a Counter-Affidavit under Section 3301(d) of the Divorce Code indicating he opposed the entry of a divorce decree since economic claims remain pending. He specifically indicated he wished to pursue economic claims. He noted he had previously claimed economic relief in the matter, but the same was erroneously dismissed in contravention to 23 Pa.C.S.A. § 3502 and without a proper opportunity to be heard.

On May 11, 2022, Wife filed a motion to strike Husband's Section 3301(d) Counter-Affidavit so that she could proceed with the filing of a Notice of Intent to Request Divorce Decree. Wife averred there are no economic claims pending. By order entered on June 14, 2022, the trial court granted Wife's motion to strike Husband's Section 3301(d) Counter-Affidavit on the basis Husband's economic claims had been dismissed by the order filed on October 1, 2021.

Upon praecipe by Wife, on July 29, 2022, the trial court entered a divorce decree, and on August 24, 2022, Husband filed a notice of appeal, as well as a Pa.R.A.P. 1925(b) statement. On September 23, 2022, the trial court filed a responsive Rule 1925(a) opinion.

On appeal, Husband sets forth the following issues in his "Statement of Questions Involved" (verbatim):

1. Did the trial court commit an error of law and/or abuse its discretion by entering the [October 1,] 2021, Order "after review of briefs and the record" when no briefs were filed, nor was either party afforded the opportunity to present a brief on the issue and underlying petition, nor was any hearing held, record developed, nor any party afforded the opportunity to present testimony, nor was Husband afforded the opportunity to be heard regarding his claims of involuntariness, duress, lack of consideration, unconscionability, and impossibility, as guaranteed by the right to due process?

2. Did the trial court commit an error of law and/or abuse its discretion by basing its [October 1,] 2021, Order upon one typographical error amidst [Husband's] entire pleading which contested the validity of the Postnuptial Agreement and pleaded involuntariness, duress, lack of consideration, unconscionability, and impossibility?

3. Did the trial court commit an error of law and/or abuse its discretion by entering the [October 1,] 2021, Order granting declaratory relief in the instant divorce action in contravention of the clear language of 42 Pa.C.S.A. § 7541(c)(1)?

4. Did the trial court commit an error of law and/or abuse its discretion by entering the [October 1,] 2021, Order dismissing [Husband's] claim for equitable distribution and by subsequently entering the Divorce Decree granting no other relief in contravention to the clear language of 23 Pa.C.S.A. § 3502?

Husband's Brief at 4-5 (suggested answers omitted).

Initially, we address Husband's third issue. Husband contends Wife procedurally erred in filing a special petition seeking declaratory relief regarding the validity of the Postnuptial Agreement. He specifically asserts the validity or enforceability of the parties' Postnuptial Agreement was not a proper issue to be disposed of as a declaratory judgment action.

- 6 -

We note Husband did not object to Wife's petition on this basis in the trial court. In any event, this Court has previously recognized that parties may file special petitions for declaratory judgment to determine the validity and enforceability of marital property settlement agreements. *See Bianchi v. Bianchi*, 859 A.2d 511, 515 (Pa.Super. 2004) (reviewing declaratory judgment action regarding parties' property settlement agreement); *Sabad v. Fessenden*, 825 A.2d 682 (Pa.Super. 2003) (reviewing declaratory judgment action regarding validity of parties' antenuptial agreement). *See also Halsey v. Halsey*, No. 1293 MDA 2019, 2020 WL 1492587 (Pa.Super. 2020) (unpublished memorandum)[5] (reviewing trial court's order regarding petition for declaratory judgment as it relates to validity of prenuptial agreement, which was made final by entry of divorce decree).

Turning to Husband's first issue, Husband contends the trial court did not afford him due process when it entered the October 1, 2021, order, which granted Wife's request to declare the parties' Postnuptial Agreement valid and dismissed Husband's claim for equitable distribution. In his second issue, which is intertwined with his first issue, Husband contends the trial court erred in failing to read the totality of his answer in opposition to Wife's special petition for declaratory judgment. Husband contends that, in context, the

---

[5] We note Pa.R.A.P. 126(b), amended effective, May 1, 2019, provides that non-precedential decisions of this Court filed after May 1, 2019, may be cited for their persuasive value.

word "valid" was clearly a typographical error, and the trial court erred in recognizing it as such.

The thrust of Husband's first and second issues is that the totality of Husband's pleadings, including his answer and counterclaim to the divorce complaint, as well as his answer in opposition to Wife's special petition for declaratory judgment, reveals he presented viable defenses to the validity and enforcement of the Postnuptial Agreement, *i.e.*, he did not voluntarily enter into it, he was under duress, there was no consideration, it is unconscionable, and it is impossible to perform. He contends that, since he raised valid defenses, he was entitled to due process, and in light of genuine issues of material fact regarding his defenses, the trial court erred in granting Wife's petition without holding a hearing to take testimony, receive evidence, and permit cross-examination before ruling on the issue.

Initially, we note the following relevant legal precepts:

> The determination of marital property rights through prenuptial, postnuptial and settlement agreements has long been permitted, and even encouraged. Both prenuptial and postnuptial agreements are contracts and are governed by contract law. Moreover, a court's order upholding the agreement in divorce proceedings is subject to an abuse of discretion or error of law standard of review. An abuse of discretion is not lightly founded, as it requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures. We will not usurp the trial court's fact-finding function.

**Paroly v. Paroly**, 876 A.2d 1061, 1063 (Pa.Super. 2005) (citations and quotation marks omitted). **See Lewis v. Lewis**, 234 A.3d 706 (Pa.Super. 2020) (noting settlement agreements are subject to contract principles).

- 8 -

As with other contracts, to form an enforceable postnuptial agreement, "there must be an offer, acceptance, consideration, or mutual meeting of the minds." *McIlwain v. Saber Healthcare Group, Inc*., 208 A.3d 478, 485 (Pa.Super. 2019). "Under Pennsylvania law, it is presumed that an adult is competent to enter into an agreement, and a signed document gives rise to the presumption that it accurately expresses the state of mind of the signing party." *See Cardinal v. Kindred Healthcare, Inc*., 155 A.3d 46, 50 (Pa.Super. 2017). As such, "[c]ontracting parties are normally bound by their agreements, without regard to whether the terms thereof were read and fully understood and irrespective of whether the agreements embodied reasonable or good bargains." *Nicholas v. Hofmann*, 158 A.3d 675, 693 (Pa.Super. 2017) (internal quotation marks omitted).

Nonetheless, as is the case in any action upon a contract, defenses such as fraud, duress, unconscionability, or impossibility are available to challenge the validity of a postnuptial agreement. *Lewis*, *supra*. "Mutual assent is necessary to enter into a contract; mutual assent does not exist however, when one of the contracting parties elicits the assent of the other contracting party by means of duress." *Id.* at 714 (citation omitted). Further, any contract may be found void if it is unconscionable. *Taylor v. Extendicare Health Facilities, Inc.*, 637 Pa. 163, 147 A.3d 490, 504, 509 (2016). Also, this Court has recognized that, as with other contracts, legal impossibility, as defined in Section 261 of the Restatement (Second) of Contracts, is available

as a defense to a marital settlement agreement. *Luber v. Luber*, 614 A.2d 771, 774 (Pa.Super. 1992). "Because settlement agreements are presumed valid and binding, the party seeking to avoid or nullify the agreement has the burden of proving the invalidity of the agreement by clear and convincing evidence." *Lewis*, 234 A.3d at 714 (citation omitted).

Accordingly, based on the aforementioned, since Husband is the party seeking to avoid or nullify the parties' Postnuptial Agreement, he has the burden of sufficiently pleading his defenses and then proving the defenses by clear and convincing evidence. *See id.* Husband acknowledges this legal precept, but he contends he was denied the opportunity to prove his defenses when the trial court cancelled its conference on the matter. He notes the trial court initially scheduled the matter for a zoom conference; however, the trial court *sua sponte* cancelled the conference and entered the October 1, 2021, order based on its review of the parties' pleadings and exhibits. Husband contends this was error. Specifically, he asserts that, particularly when the trial court properly recognizes he made an inadvertent typographical error in his answer in opposition to Wife's special pleading, he sufficiently pled his defenses such that he was entitled to a hearing to resolve factual disputes.

In response to Husband's contention, the trial court relevantly indicated the following:

> Husband argues that the trial court erroneously based its entire [October 1, 2021] ruling upon "one typographical error amidst Husband's entire pleadings which contested the validity of the Postnuptial Agreement, pleaded involuntariness, duress, lack

- 10 -

of consideration, unconscionability and impossibility." This allegation of error is a red herring. Husband's entire Answer is insufficiently plead (*sic*).

Husband's Answer to [Wife's divorce complaint merely denied the Postnuptial Agreement is a valid, enforceable agreement]….To explain, duress, lack of consideration, [unconscionability], and impossibility are affirmative defenses which must be pled under New Matter, or such defenses are waived per Pennsylvania Rule of Civil Procedure 1030(a).[6] Husband's Answer [to Wife's divorce complaint] does not plead duress, lack of consideration, impossibility, [or unconscionability in any respect, let alone] under New Matter, thus they were waived.

Further, Husband [attempted to raise his defenses for the first time in his] Answer [to Wife's special petition for declaratory judgment; however,] Husband's Answer to Wife's Petition provides no facts in support of any of the defenses, in violation of Pennsylvania Rule of Civil Procedure 206.2(a)[,] which mandates that an answer to a petition must state the material facts which constitute the defense to the petition. Accordingly, per Rule 206.2(a), Husband waived the defenses of involuntariness, duress, lack of consideration, [unconscionability], and

---

[6] Pa.R.C.P. 1030 provides:

**Rule 1030. New Matter**.

(a) Except as provided by subdivision (b), all affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, *res judicata*, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading "New Matter". A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.

(b) The affirmative defenses of assumption of the risk, comparative negligence and contributory negligence need not be pleaded.

Pa.R.C.P. 1030 (bold in original).

> impossibility by failing to plead any material facts constituting any of these affirmative defenses.

Trial Court Opinion, filed 9/23/22, at 7-8 (footnote added).

We find no abuse of discretion or error of law in the trial court's analysis. Husband was given ample opportunity to present and develop his defenses in his answer to Wife's divorce complaint, as well as his answer to Wife's special petition for declaratory judgment. However, he failed to raise the defenses in any manner in his answer to the divorce complaint. *See* Pa.R.C.P. 1030. Also, giving his answer to Wife's special petition a liberal reading, and recognizing he intended to use the word "invalid" instead of "valid", he, at best, raised the defenses in his answer to the special petition in a bald, conclusory manner without any supporting material facts. *See* Pa.R.C.P. 206.2(a).

Under these circumstances, the trial court did not err in determining the validity of the Postnuptial Agreement based on the pleadings and exhibits without holding an evidentiary hearing. Simply put, contrary to his assertion, Husband was not denied due process due to the trial court's failure to hold an evidentiary hearing or order briefs. *See Vogt v. Liberty Mut. Fire Ins. Co.*, 900 A.2d 912 (Pa.Super. 2006) (noting the procedures mandated for petition and pleading practice, including the filing of answers, under the Rules of Civil

Procedure provide sufficient safeguards to protect one's constitutional right to notice and an opportunity to be heard).[7]

In his fourth issue, Husband avers the trial court erred in dismissing his equitable distribution counterclaim. He contends the trial court violated 23 Pa.C.S.A. § 3502, which relevantly holds:

> **(a) General rule.--**Upon the request of either party in an action for divorce or annulment, the court shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after considering all relevant factors.

23 Pa.C.S.A. § 3502(a) (bold in original). Husband contends the Postnuptial Agreement is invalid, and in denying Husband's equitable distribution claim, the trial court did not consider "all relevant factors." *Id.*

We note the parties' Postnuptial Agreement, which the trial court found valid, set forth in detail the equitable distribution of the parties' marital property. Husband does not challenge the trial court's interpretation of this provision. Rather, his claim is premised upon his previous arguments that, in light of his alleged defenses, the trial court should have held a hearing to determine the validity of the Postnuptial Agreement. Given our analysis set forth *supra*, we find it unnecessary to address this issue further.

---

[7] Also, as the trial court noted, inasmuch as Wife's special petition sought declaratory relief, absent an issue of fact, a hearing was not required. **See** Trial Court Opinion, filed 12/16/21, at 4 (citing 42 Pa.C.S.A. § 7539(b)).

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2023